IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Carolyn Marshall, ) | C/A No.: 8:11-cv-02806-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Michael J. Astrue, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The plaintiff, Carolyn Marshall, brought this action pursuant to 42 U.S.C. §§ 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB") under the Social Security Act.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964); see, e.g., Daniel v. Gardner, 404 F.2d 889 (4th Cir. 1968); Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966); Tyler v. Weinberger, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. See, e.g., Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971); Hicks v. Gardner, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" Blalock v. Richardson, 483 F.2d 773, 775 (4th

Cir. 1972). As noted by Judge Sobeloff in Flack v.Cohen, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Id. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58.

Plaintiff filed her application for disability benefits on April 16, 2009, alleging disability as of September 5, 2006, due to multiple sclerosis and bipolar disorder. The onset date was later amended to February 15, 2008. Plaintiff's claims were denied initially and upon reconsideration. The plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on August 4, 2010. The ALJ thereafter denied plaintiff's claims in a decision issued August 27, 2010. The ALJ's findings became the final decision of the Commissioner of Social Security. Plaintiff has now appealed to the federal court.

The claimant was 41 years old on the alleged onset date. She has a college education. Her past work experience includes employment as a payroll worker and a tax preparer.

Under the Social Security Act, the plaintiff's eligibility for benefits hinges on whether she "is under a disability." 42 U.S.C. § 423(a)(1)(D). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . " Id. at § 423(d)(1)(A). The burden is on the claimant to establish such disability. Preston v. Heckler, 769 F.2d 988, 990 n.\* (4th Cir. 1985). A claimant may establish a prima facie case of disability based solely upon medical evidence by

demonstrating that her impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P.  20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a prima facie case of disability by proving that she could not perform her customary occupation as the result of physical or mental impairments.  Taylor v. Weinberger, 512 F.2d 664 (4th Cir. 1975).  Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors."  20 C.F.R. § 404.1560(b).  These factors include the individual's (1) "residual functional capacity," id. at § 404.1561; (2) age, id. at § 404.1563; (3) education, id. at § 404.1564; (4) work experience, id. at § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, id. at § 404.1561.  If the assessment of the claimant's residual functional capacity leads to the conclusion that she can no longer perform her previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors.  Id. at § 404.1561.  The interrelation between these vocational factors is governed by Appendix 2 of Subpart P.  Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined:  (1) whether the claimant is currently gainfully employed, (2) whether she suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents her from returning to her previous work, and (5) whether the impairment prevents her from performing some other available work.

The ALJ made the following findings in this case in her decision dated August 27, 2010:

1. The claimant last met the insured status requirements of the
Social Security Act on September 30, 2008.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of February 15, 2008 through her date last insured of September 30, 2008 (20 C.F.R. 404.1571 *et seq.*)

3.Through the date last insured, the claimant had the following severe impairments: multiple sclerosis (20 C.F.R. § 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b). Specifically, the claimant can stand, walk and sit 6 hours, each, of an 8 hour workday.  She can lift/carry 10 pounds frequently and 20 pounds occasionally.  She has frequent use of left upper and lower extremity; dominant hand.  She can frequently push and pull with the left upper extremity and left lower extremity.  She can frequently reach, handle and finger with left arm. She would never climb ladders, occasionally climb stairs, climbing, crouching and crawling.  She can frequently kneel, stoop and balance. She must avoid concentrated exposure to extreme heat, cold, humidity, noise, vibrations and fumes.  She must avoid concentrated exposure to hazards.  She can frequently interact with the public.

6. Through the date last insured, the claimant was capable of performing past relevant work as a payroll worker and tax preparer (non kiosk). This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. § 404.1565)

7. The claimant was not under a disability, as defined in the Social Security Act, from February 15, 2008, the alleged onset date, through September 30, 2008, the date last insured (20 C.F.R. § 404.1520(f)).

(Tr. pp. 16-23).

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to a United States Magistrate Judge.  On September 27, 2012, Magistrate Jacquelyn D. Austin  filed a report and recommendation ("R&R") suggesting that the decision of the Commissioner should be affirmed. The claimant filed objections to the R&R on October 15, 2012.  The defendant filed a reply to the objections on October 31, 2012.

**Scope of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

## PLAINTIFF'S OBJECTIONS

The plaintiff objects to the Magistrate Judge's finding that the ALJ was not required to discuss the questionnaire completed by her former employer and the alternate finding that, if this constituted error, it was harmless. Plaintiff does not object to any other portions of the Report and Recommendation, and the court finds no clear error in the remaining findings. This Order deals only with the issues relating to the employer questionnaire submitted to the ALJ and the statement by the employer which was submitted to the Appeals Council.

## ANALYSIS

The Employer Work Activity Questionnaire (R.161) was completed on May 10, 2010 by Helen Westmoreland, President of Business Partners Unlimited, Inc., doing business as H&R Block. The questionnaire indicates that the claimant was employed there from January 1, 2002 through February 13, 2008 and that she worked 20 hours per week. It further indicates in responses to questions on the form that the claimant completed the usual duties of her position but that she could not complete all of the job duties without special assistance. However, it indicates that she reported to work as scheduled and completed her work in the same amount of time as other employees. Yet, it also states that she received special assistance including irregular hours, less hours, more breaks, and lower production standards. Her productivity was rated at 60% of other employees' productivity. The second statement submitted to the Appeals Council (R. 231) was also signed by Ms. Westmoreland. She states that the claimant worked for her during tax season from January to April of each year that she was employed there, except during 2008 when she only worked for two weeks. She indicates, "during the time period that she worked for me, Ms. Marshall had trouble with customer services issues. . . However, I did not have a problem with the quality of the returns she did." She also states that Marshall "over complicated things in a way that was completely unnecessary." Finally, she states that the claimant worked at a kiosk at Walmart on her behalf for two weeks but that "[m]ore than likely, we would not have invited her back for a full tax season due to her customer service issues."

SSR 06-03p (2006 WL 2329939), issued August 9, 2006, provides:

Explanation of the Consideration Given to Opinions From "Other Sources"
Since there is a requirement to consider all relevant evidence in an individual's case record, the case record **should reflect** the **consideration of opinions from medical sources who are not "acceptable medical sources" and from "non-medical sources" who have seen the claimant in their professional capacity**. Although there is a **distinction between what an adjudicator must consider and what the adjudicator**

> **must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from *these* "other sources,"** or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case. In addition, when an adjudicator determines that an opinion from such a source is entitled to greater weight than a medical opinion from a treating source, the adjudicator must explain the reasons in the notice of decision in hearing cases . . . if the determination is less than fully favorable. (Emphasis added).

2006 WL 2329939, at *6.

The employer in this case is neither a medical source nor a non-medical source who has seen the claimant in a professional capacity.[1] Therefore, the above SSR does not require a specific discussion of the employer's statement(s) by the Commissioner. Employers are listed with "other sources" such as spouses, parents, caregivers, siblings, relatives, friends, neighbors, and clergy. The Commissioner "may" use evidence from such "other sources" when considering the effect of any impairments on the individual's ability to function. Id. at *2. However, there is no requirement that the adjudicator specifically discuss such evidence. It is "widely held that ALJs are not required to specifically discuss and analyze every piece of evidence in the case in their narrative opinions so long as it is possible for the reviewing court to realize that all relevant evidence was considered, though not written about, in reaching the ultimate decision." Mellon v. Astrue, No. 4:08-2110-MBS-TR, 2009 WL 2777653, *13 (D.S.C. August 31, 2009), citing Phillips v. Barnhart, 91 Fed. Appx. 775, 780 n.7 (3rd Cir. 2004)(ALJ's "mere failure to cite specific evidence does not establish that the ALJ failed to consider it."); Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998)("Although required to develop the record fully and fairly, an ALJ is not required to discuss every piece of evidence submitted."); Dyer v.

---

[1] "Non-medical sources" who have had contact with the claimant in a professional capacity include teachers, school counselors, and social welfare agency personnel. Id. at *3.

7

Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005)(There is "no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decison . . . is not a broad rejection" insufficient to enable the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole."); See also, Brewer v. Astrue, No. 7:07-cv-24-FL, 2008 WL 4682185, *3 (E.D.N.C. Oct. 21, 2008) and Ratcliffe v. Astrue, No. 7:08-cv-310, 2009 WL 803113, *8 (W.D. Va. March 25, 2009).

Plaintiff asserts that the controlling case on lay witness evidence in the Fourth Circuit is Breeden v. Weinberger, 493 F.2d 1002, 1009-1010 (4th Cir. 1974). In Breeden, the ALJ rejected witness testimony concerning periods of time for which no written employment records were available. The Fourth Circuit held that the ALJ's findings on the credibility of these witnesses and his reliance on a statutory presumption were arbitrary and that his decision was not supported by substantial evidence. Breeden does not stand for the proposition that an ALJ must refer to all lay evidence in his decision. Moreover, even if Breeden did stand for such a proposition when it was decided in 1974, the Commissioner has since clarified its policy when it issued SSR 06-03p in 2006.

In the case at bar, the Court finds that the decision of the Commissioner is supported by substantial evidence. The ALJ thoroughly discusses medical evidence and the claimant's testimony. She finds that her multiple sclerosis and mood are controlled by medication and that she travels with her husband, rides horses, does housework, and engages in normal activities of daily living. She finds that the claimant can perform light work and that she could perform her past relevant work in the tax preparation business. She further found that, even if she were found not to be able to perform her past relevant work, she could perform other jobs in the national economy. As noted by the government, Ms. Westmoreland's statement that could be construed as indicating that the plaintiff could not perform her

8

job as a tax preparer at H&R Block without accommodation does not show that she is disabled because substantial evidence supported other jobs that she could perform (payroll clerk and other jobs that exist in significant numbers in the national economy).

The plaintiff also objects to the finding by the Magistrate Judge that any error by the ALJ in failing to mention the employer questionnaire was harmless. Plaintiff cites Ngaruih v. Ashcroft, 371 F.3d 182, 190 n. 8 (4th Cir. 2004) for the proposition that in court review of agency decisions, the Fourth Circuit has long held that harmless error can only be found where "the alleged error clearly had no bearing on the procedure used or the substance of the decision reached." Plaintiff contends that a more recent Supreme Court case, Shinseki v. Sanders, 556 U.S. 396 (2009) modifies this rule in holding that "[o]ften the circumstances of the case. . . make clear to the appellate judge that the ruling . . . was harmful and nothing further need be said. But, if not, then the party seeking reversal normally must explain why the erroneous ruling caused harm." Id., 556 U.S.at 410. Regarding harmless error, the Supreme Court states, "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." 556 U.S. at 409. Here, as noted above, substantial evidence supported the ALJ's finding that Plaintiff could perform other jobs that existed in the national economy. Plaintiff has not shown that she was prejudiced by the failure by the ALJ to explicitly discuss the employer's answers to the questionnaire. Therefore, any error was harmless.

## CONCLUSION

After carefully reviewing the record in this matter, the applicable law, and the positions of the parties, the court overrules all objections, adopts the recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

**IT IS SO ORDERED**.

                                                    s/R. Bryan Harwell
                                                    R. Bryan Harwell
                                                    United States District Judge

March 21, 2013
Florence, South Carolina